**UNITED STATES of America, Plaintiff-Respondent,**

v.

**Epifanio Alvarado ORTIZ, Defendant-Petitioner.**

**Crim. No. 68–B–315.**

United States District Court
S. D. Texas,
Brownsville Division.

Sept. 9, 1968.

Morton L. Susman, U. S. Atty., Houston, Tex., and Homer M. Lopez, Asst. U.

S. Atty., Brownsville, Tex., for plaintiff-respondent.

Garcia & Warburton (O. B. Garcia), Brownsville, Tex., for defendant-petitioner.

## MEMORANDUM ON MOTION TO SUPPRESS

GARZA, District Judge.

Defendant, Epifanio Alvarado Ortiz, stands, charged by a grand jury indictment of receiving, concealing and facilitating and transportation and concealment of marihuana after it had been imported and brought into the United States contrary to law, violation of 21 U.S.C. § 176a, and of having been the transferee of said marihuana without having paid the transfer tax, violation of 26 U.S.C. § 4744(a) (2).

He has filed a motion to suppress certain evidence, to-wit, 128 cartuchos and three ounces of marihuana which was seized by Customs agents at his residence pursuant to a search warrant issued by a United States commissioner for the Southern District of Texas on the 17th day of July, 1968. The warrant, when executed on the following day at 8:15 a.m., resulted in the seizure of the marihuana in question.

The Defendant alleges that the affidavit made the basis for the issuance of the search warrant was deficient on its face, and that his Fourth and Fifth Amendment rights were violated because there was no probable cause for the issuance of the search warrant since the affidavit made the basis thereof was insufficient on its face, and that the search warrant was illegally issued.

The affidavit presented to the Commissioner for issuance of the search warrant was signed by Customs Agent Thomas R. Gilbert, who stated:

"That he is positive that on the premises known as the residence of Epifanio Alvarado, a white frame house, blue trim, located in the same yard and to the rear and left side of the residence known as 247 Keith Lane, and legally described as Lot 23 of Block 6, Virginia Heights Addition, to the City of Brownsville, Texas, in the Southern District of Texas, there is now being concealed certain property, namely marihuana which are in violation of Section 176a, Title 21, U.S. C. And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On July 16, 1968, information was received that Alvarado was smuggling large quantities of marihuana into this country. Subsequent to receipt of this information, a confidential and reliable informant saw a sizeable quantity of marihuana at the above-described residence."

Only one of Defendant's points deserves lengthy mention.

■ The rules on issuance of search warrants say that a warrant shall issue only on a sworn affidavit presented to a judge or commissioner and should set forth the grounds for issuing the warrant; then if the judge or commissioner is satisfied that grounds for the application exists or that there is probable cause to believe that they exist, the warrant shall then issue.

Problems have arisen concerning the definition of probable cause and over the quantity and quality of the underlying facts which are supposed to enable the commissioner to make an independent evaluation instead of being a mere rubber-stamp for those requesting a search warrant.

■ The affidavit may be based upon hearsay information and need not reflect the direct personal observation of the affiant. Jones v. United States, 362 U. S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. However, the magistrate or judge issuing the search warrant must be informed of some of the underlying circumstances from which the informant concluded that the narcotics or marihuana were where he claimed they were. The judge or magistrate issuing the search warrant must also be made aware of the circumstances from which the officers

concluded that the informant was credible or his information reliable. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887.

 As to the affidavit in this case, these requirements were met when the informant stated to the officers that he had personally seen the marihuana in the residence of the Defendant. The officers accepted this information as credible because other information had been received that the Defendant had recently smuggled marihuana into the country, and on the fact that the informant had previously given correct information.

While the affidavit could have been more explicit, I find that it was sufficient on its face for the issuance of the warrant.

The commissioner issuing the warrant did not rely solely, as is the case on most applications for a search warrant, on the affidavit itself, but questioned Customs Agent Gilbert about the matters stated in his affidavit.

The hearing held on the motion to suppress brought out the fact that Customs Agent Gilbert informed the United States Commissioner that he had received information sometime in June that the Petitioner-Defendant, Epifanio Alvarado Ortiz, was smuggling marihuana into this country. On July 16th another informant told Customs Agent Gilbert that Petitioner-Defendant had smuggled some marihuana into this country. The informant was given money, and after being searched to see that he did not have any marihuana, he was dropped near the residence of the Petitioner-Defendant, and he came back to the officers with the marihuana that he had purchased, and notified Customs Agent Gilbert that he had obtained the marihuana from Epifanio Alvarado Ortiz and had seen a large quantity of marihuana on the premises to be searched.

There is no question in my mind but that ample probable cause existed for the issuance of the search warrant on the information that was made available to the United States Commissioner.

The question of the illegal execution of the search warrant, which stated that the premises could be searched during the day or night, was abandoned by the Petitioner-Defendant at the hearing in view of Title 18 U.S.C. § 1405, which sets out the procedure for execution of search warrants in cases concerning narcotics.

The Defendant's motion to suppress is, therefore, denied.